#### 23659

The STATE, Respondent v. Dennis Tyrone MOORE, Appellant.

(417 S.E. (2d) 869)

Supreme Court

*Acting Chief Atty. Daniel T. Stacey* and *Asst Appellate Defender Wanda H. Haile, South Carolina Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka* and *Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, and *Sol. Larry F. Grant,* York, *for respondent.*

Heard April 6, 1992.

Decided May 26, 1992.

CHANDLER, Justice:

Appellant Dennis Tyrone Moore (Moore) appeals his conviction of armed robbery. We affirm.

## FACTS

On August 28, 1990, at approximately 1:00 a.m., Debra Lawson (Lawson) was working as a clerk at a Handy Pantry store. A man, later identified as Moore, entered the store and threw Lawson to the floor. He demanded money, striking her several times and threatening that he had a gun and would kill her. She handed him the money from the cash register, after which he ran away.

Immediately prior to the robbery, Lawrence Hall (Hall) was outside the store using the telephone. He testified that a man came up and spoke to him. Although Hall did not, at that time, recall the man's name, he recognized him as someone he had known. In their brief conversation, the man told Hall "I'm

about to go in here and knock this bitch up." Hall, believing he was kidding, left the store. Hall later identified the man as Moore.

At trial, Moore's request that he be allowed to be absent from the courtroom during presentation of the State's case was denied. Both Lawson and Hall made in-court identifications of Moore as the robber.

## ISSUE

Moore contends that he had a right not to be present at trial in order to preclude any in-court identification of him by the State's witnesses. He argues that his involuntary presence at trial was constitutionally impermissible. We disagree.

In *State v. O'Neal*, 210 S.C. 305, 310-311, 42 S.E. (2d) 523, 525, this Court held:

> We agree with those cases which hold that the constitutional provision that no person shall be compelled to be a witness against himself, is not violated by compelling the defendant to stand up for the purpose of identification ... [I]t is the right of the prosecution to have [the defendant] in the view of the presiding judge and jury, and the counsel engaged at trial.

See also *State v. Green*, 227 S.C. 1, 86 S.E. (2d) 598 (1955) (compulsory physical examination of defendant did not violate constitutional rights).

Constitutional safeguards are invaded only when the defendant is required to give testimonial evidence against himself. They do not extend to the refusal by a defendant to reveal those physical traits that may be made by ordinary observation. *State v. Taylor*, 213 S.C. 330, 49 S.E. (2d) 289 (1948) (requiring defendant to speak for purposes of voice identification not violative of constitutional rights).

Accordingly under the facts of this case, we hold that Moore had no constitutional right not to be present at trial.

The remaining issues are affirmed pursuant to Rule 220(b)(1).

Affirmed.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.